UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keven Reid, # 267393, *aka* Kevin Lamont Reid, | ) C/A No. 4:12-596-GRA-TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| ~~South Carolina Department of Corrections~~, Bernard McKie, *Warden of Kirkland Correctional Institution*, | ) |
| Respondent. | ) |

## *Background of this Case*

Petitioner is an inmate at the Kirkland Correctional Institution. On June 22, 2000, in the Court of General Sessions for Greenville County, Petitioner pled guilty to second-degree criminal sexual conduct with a minor. He was sentenced to sixteen years suspended to eighteen months and five years probation. No direct appeal was filed.

The above-captioned case concerns probation revocation proceedings on February 10, 2012. Although Petitioner, in the Petition, does not disclose the judgment in the probation revocation hearing, the South Carolina Department of Corrections website (https://sword.doc.state.sc.us/scdc-public/)[1] indicates that Petitioner was sentenced to one year in

---

[1] A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011). *See also In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court
(continued...)

prison on the probation revocation. Petitioner, however, received approximately four months and one week of "jail time" credit. Hence, according to the South Carolina Department of Corrections website, Petitioner "max-out" date is October 2, 2012.

Petitioner raises two grounds in the Petition, both of which relate to alleged violations of Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Petitioner's supporting facts and answers indicate that his attorney refused to file an appeal, despite Petitioner's request for him to do so, and that Petitioner has not filed an application for post-conviction relief or a state-court habeas corpus action.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson*

---

(...continued)
records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

v. *Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction and sentence on the probation revocation, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which can be sought only after Petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); and *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.

> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-11 (citations omitted).

As earlier stated, this Section 2254 habeas corpus action concerns probation revocation proceedings that took place in the Court of General Sessions for Greenville County on February 10, 2012. In Ground One, Petitioner alleges that he asked his attorney at the probation revocation proceeding, Larry Cook, to file an appeal, but Larry Cook refused to do so. In Ground Two, Petitioner states that he (Petitioner) "could not get Mr. Larry Cook his attorney to assist him either[.]" Hence, both Grounds One and Two involve, in part, claims of ineffective assistance of counsel.

Petitioner answers shows that he has not filed an application for post-conviction relief, which is South Carolina's statutory mechanism for prisoners to raise ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519-20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel). *See also Gibson v. State*, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998) (*citing* S.C. Code Ann. § 17-27-20(a)(1), (b); and *Simmons v. State*, 264 S.C. 417, 215 S.E.2d 883 (1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." *Gibson v. State*, 329 S.C. at 42, 495 S.E.2d at 428.

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566

F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). *Cf. Harvey v. South Carolina*, 310 F. Supp. 83, 85 (D.S.C. 1970) (enactment of post-conviction statute supplanting supplanted habeas corpus with another procedure did not suspend right of habeas corpus).

Since Petitioner has yet to exhaust his state court remedies relating to his allegations of ineffective assistance of counsel, this Court should not keep this case on its docket. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

## Recommendation

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is also recommended that the District Court deny a Certificate of Appealability. See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Court. Petitioner's attention is directed to the important notice on the next page.

5

March 8, 2012
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).